John F. Lomax, Jr. *(AZ Bar No. 020224)*
SNELL & WILMER, L.L.P.
One Arizona Center
400 East Van Buren
Phoenix, Arizona 85004
Ph: 602.382.6000
Email: jlomax@swlaw.com

Craig E. Power *(Pro Hac Vice Pending)*
COKINOS BOSIEN & YOUNG
Four Houston Center  16th Floor
1221 Lamar
Houston, Texas 77010
Ph 713.535.5528
Email: CPower@cbylaw.com

*Attorneys for Plaintiffs Luci and Terry Dishon*

SNELL & WILMER
ATTORNEYS AT LAW
ONE ARIZONA CENTER
400 E. VAN BUREN, SUITE 1900
PHOENIX, ARIZONA 85004-2202

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA
PHOENIX DIVISION

| | |
|---|---|
| Terry Dishon and Luci Dishon, husband and wife, | ) |
| | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No._____ |
| | ) |
| Connie R. Gorham; Gary K. Haak, | ) **COMPLAINT** |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiffs Terry Dishon and Luci Dishon ("Plaintiffs" or "the Dishons") present their Complaint against Connie R. Gorham and Gary K. Haak ("Defendants") and would respectfully show as follows:

### INTRODUCTION

1.      Plaintiffs bring this action against Defendants pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 and 2202 for an Order and Judgment from this Court declaring that Defendants have released, waived and discharged any and all claims against Plaintiffs and their prior company Dishon Disposal, Inc. pursuant to the Rule 11 Mediated Settlement Agreement and the Bankruptcy Settlement Agreement. In attempting

to collect an alleged $1.5 million debt, Defendants have breached the Settlement Agreements as further outlined below.   Plaintiffs also seek an award of costs and attorney's fees associated with the commencement and prosecution of this action.

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332 and 2201(a), as the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs, Plaintiffs are seeking a declaratory judgment, and the parties are of diverse citizenship due to the Plaintiffs and Defendants being citizens of different states.   The amount-in-controversy requirement under § 1332 is met as the Defendants are attempting to recover $1.5 million for the benefit of Connie Gorham and the purported estate of David Gorham.

3.     Venue is proper in the Phoenix Division under 28 U.S.C. § 1391(b) because Defendants Gary Haak and Connie Gorham reside in this judicial district and are residents of the State of Arizona.

4.     This Court has personal jurisdiction over Defendants Gary Haak and Connie Gorham.

## PARTIES

5.     Plaintiffs Luci Dishon and Terry Dishon are citizens and residents of Williston, North Dakota.

6.     Defendant Connie R. Gorham is an individual who is a citizen and resident of the State of Arizona. Service of process may be effectuated upon Connie R. Gorham at her place of abode located at 6933 N. Galaxy Place, Tucson, Arizona 85741.

7.     Connie R. Gorham was married to David Gorham until the time of David Gorham's death in November 2015.  At all relevant times until his death, Connie and David Gorham were married.

8.     Defendant Gary K. Haak is an individual who, upon information and belief, is a citizen and resident of State of Arizona. Service of process may be effectuated upon Gary K. Haak at his place of abode located at 2425 W. Barbie Lane, Phoenix, AZ 85085.

SNELL & WILMER
ATTORNEYS AT LAW
ONE ARIZONA CENTER
400 E. VAN BUREN, SUITE 1900
PHOENIX, ARIZONA 85004-2202

25267242.3

9.     Upon information and belief, Haak has sought to act as an agent or representative of Connie Gorham and/or the purported estate of her deceased husband, David Gorham.

## BACKGROUND

10.    Up until November 2012, the Dishons were owners of Dishon Disposal, Inc., a successful oil field services company in Williston, North Dakota that specialized in the treatment and disposal of oil field waste products.  During October 2011, the Dishons first met David L. Gorham when he appeared at their home in Williston, North Dakota unannounced and solicited an opportunity to provide consulting services to Dishon Disposal, Inc.

11.    Upon information and belief, David Gorham helped form and became an employee of MCI Partners, LLC, a company that provided consulting services to Dishon Disposal, Inc.  As a result of these services and what later turned out to be a grand scheme by Mr. Gorham and his associates, Dishon Disposal, Inc. was acquired by Digerati Technologies, Inc. through a reverse acquisition during November 2012 (the "November Transactions"). For purposes of brevity, the November Transactions became the subject of contentious litigation in several forums, and eventually led to the bankruptcy of Digerati Technologies, Inc. in the United States Bankruptcy Court for the Southern District of Texas, Houston Division in May 2013.

12.    David Gorham, several companies owned and/or controlled by Mr. Gorham, and several associates of Mr. Gorham were sued by the parties who allegedly provided services in connection with the November Transactions. Neither the Dishons nor Dishon Disposal, Inc. were named as parties in the various lawsuits filed by the adverse parties who asserted claims in connection with the November Transactions.

13.    Although the Dishons and Dishon Disposal, Inc. were not parties to any of the various lawsuits filed by adverse parties in connection with the November Transactions, David Gorham convinced the Dishons that they and Dishon Disposal, Inc., should pay for all legal expenses and attorneys' fees to defend Mr. Gorham and the

SNELL & WILMER
ATTORNEYS AT LAW
ONE ARIZONA CENTER
400 E. VAN BUREN, SUITE 1900
PHOENIX, ARIZONA 85004-2202

individuals and companies that he controlled and/or was associated with.  The Dishons and Dishon Disposal, Inc. cumulatively paid millions of dollars in attorneys' fees, expenses, and settlement costs as a result of the debacle that Mr. Gorham had created in connection with the November Transactions, among other issues.

14.     In January 2014, the Dishons, Connie Gorham, David Gorham, and several other individuals and entities executed a Rule 11 Mediated Settlement Agreement and a Bankruptcy Settlement Agreement (collectively the "Settlement Agreements") for the purpose of fully and finally resolving all of the various litigation, releasing any and all claims, and to proceed with an agreeable plan for the reorganization of Debtor Digerti Technologies, Inc. True and correct copies of the Rule 11 Mediated Settlement Agreement and the Bankruptcy Settlement Agreement are attached hereto as Exhibits "1" and "2," respectively and incorporated herein for all purposes.

15.     As part of the Settlement Agreements, Connie Gorham and David Gorham released, acquitted, and forever discharged any and all demands, claims, and causes of action, known or unknown, whether in tort or in contract, against the Dishons, Dishon Disposal, Inc., and various other individuals and entities. For example, paragraph 33 of the Bankruptcy Settlement Agreement in the section entitled "Mutual Release" states:

> For and in consideration of the recitals above, all Parties hereto, mutually RELEASE, ACQUIT AND FOREVER DISCHARGE, and by these presents for themselves, their legal representatives, successors, and assigns, RELEASE, ACQUIT, and FOREVER DISCHARGE all Parties (other than the Party's own attorney) hereto from any and all claims, causes of action, demands, of any character or kind, known or unknown, whether in contract or in tort, or any other theory of law concerning the facts giving rise to the allegations brought forth in any lawsuit concerning the November Transactions or any known or unknown causes of action arising up to the date of this Bankruptcy Settlement Agreement or that could have been asserted through the date of this Bankruptcy Settlement Agreement.

*See* Exhibit "2" at p. 8, ¶ 33.  The Rule 11 Mediated Settlement Agreement contains similar language where Connie and David Gorham promised to release, acquit, and

SNELL & WILMER
ATTORNEYS AT LAW
ONE ARIZONA CENTER
400 E. VAN BUREN, SUITE 1900
PHOENIX, ARIZONA 85004-2202

1   forever discharge the Dishons, Dishon Disposal, Inc., and various other individuals and

2   entities.

3          16.    Further, pursuant to the terms of the Settlement Agreements, any and all

4   rights of several companies previously owned and/or controlled by David Gorham were

5   also transferred to the Secured Creditors, who are defined as Terry Dishon, Hurley

6   Fairview, LLC and Sheyenne Rae Nelson Hurley.

7          17.    The Settlement Agreements apply to, inure to the benefit of, and are binding

8   on Connie and David Gorham and their respective agents, employees, legal

9   representatives, successors, and assigns.

10         18.    As of the date that the Settlement Agreements were executed and thereafter,

11  no consulting or other services were provided by David Gorham to the Dishons or Dishon

12  Disposal, Inc.  Further, in July 2014, Dishon Disposal, Inc. was sold pursuant to an

13  auction held in connection with the Digerati Technologies, Inc. bankruptcy case.

14         19.    Upon information and belief, David Gorham passed away in Manti, Utah on

15  or about November 25, 2015.

16         20.    On or about February 23, 2016, Defendant Gary Haak sent an e-mail to the

17  Dishons purporting to act on behalf of Connie Gorham and/or the purported estate of

18  David Gorham in connection with investigating business dealings between the Dishons,

19  several entities and individuals, and David Gorham. Mr. Haak and Mrs. Gorham also

20  communicated with the Dishons via telephone and made various statements and demands,

21  including a demand for payment of $1,000,000.  At times Mrs. Gorham suggested they

22  would seek to make Luci Dishon suffer economically and emotionally and that she held

23  Luci Dishon responsible for the death of David Gorham.  Mr. Haak also stated to Luci

24  Dishon that he was prepared to publicly release private, personal communications with

25  Mrs. Dishon that Mr. Hack found on Gorham's computer, if Mrs. Dishon did not pay Mrs.

26  Gorham.

27         21.    Thereafter, on November 16, 2016, the Dishons received a letter dated

28  November 15, 2016 from attorney Florence M. Bruemmer of Anthem, Arizona. Ms.

SNELL & WILMER
ATTORNEYS AT LAW
ONE ARIZONA CENTER
400 E. VAN BUREN, SUITE 1900
PHOENIX, ARIZONA 85004-2202

25267242.3

Bruemmer's letter advised that she had been retained by Connie Gorham "on behalf of herself and her husband's estate to represent them regarding a claim for breach of contract and fraud" against the Dishons and their company.

22.     The November 15, 2016 letter alleged that Connie and David Gorham had invested over $1,000,000 into a water treatment system and that David Gorham had provided "consultation and services rendered for business management and a sale of a business" for over 2 ½ years.  Additionally, the letter claimed that Connie and David Gorham "paid hundreds of thousands of dollars in legal fees" on behalf of the Dishons for their company's litigation.

23.     The letter further states Mrs. Gorham is demanding the Dishons pay her $1,500,000 for alleged "reimbursement for the water treatment system and payment for consultation and services rendered by Mr. Gorham." The letter characterizes the amounts allegedly due as a debt owed to Connie Gorham and the purported estate of David Gorham.  Finally, among other things, the demand letter intimates that Mrs. Gorham could potentially release private information to the public and advises that she will seek damages against the Dishons in federal court for fraud, breach of contract, interest, and attorney's fees if the Dishons do not pay her the sum of $1,500,000 by November 22, 2016.

24.     The alleged claims and amounts sought in the November 15, 2016 letter are similar in nature to the assertions previously made by Connie Gorham and Gary Haak.

25.     The Dishons dispute the entirety of the claims and allegations set forth in the November 15, 2016 letter, and further contend that any claims brought against them or their prior company Dishon Disposal, Inc. would be groundless and frivolous as the Gorhams executed releases in favor of the Dishons and their company in the Settlement Agreements.

SNELL & WILMER
ATTORNEYS AT LAW
ONE ARIZONA CENTER
400 E. VAN BUREN, SUITE 1900
PHOENIX, ARIZONA 85004-2202

SNELL & WILMER
ATTORNEYS AT LAW
ONE ARIZONA CENTER
400 E. VAN BUREN, SUITE 1900
PHOENIX, ARIZONA 85004-2202

## CLAIMS FOR RELIEF

## COUNT I: DECLARATORY JUDGMENT

26.     Plaintiffs seek a declaratory judgment against Defendants pursuant to Federal Rule of Civil Procedure 57 to establish the existing rights, statuses, and relationships between the parties.  Due to the demands made by Defendants, including but not limited to the November 15, 2016 letter, there is an actual controversy between Plaintiffs and Defendants regarding whether the demands, claims, and causes of action at issue can be asserted against the Dishons and Dishon Disposal in light of the executed Settlement Agreements.

27.     Plaintiffs performed all obligations required of them under the Settlement Agreements and are not in default.  The Settlement Agreements were approved by a federal bankruptcy court and are enforceable, binding agreements. The demands, claims and/or causes of action asserted in the November 15, 2016 letter sent on behalf of Connie Gorham and the purported estate of David Gorham are covered by the Settlement Agreements and have been waived, released, and discharged.

28.     The Gorhams' execution of the Settlement Agreements resulted in any and all claims they had prior to January 14, 2014 being released, waived, and discharged.  As a result, Connie Gorham, the purported estate of David Gorham, and Gary Haak acting on behalf of Connie Gorham or the estate of her late husband do not have a legal or factual basis to assert any demands, claims, and causes of action claims against the Dishons and Dishon Disposal, Inc.  Any attempt by Connie Gorham, the purported estate of David Gorham and/or Gary Haak on their behalf to assert claims against the Dishons or any of their companies are meritless and frivolous for many reasons, including but not limited to the executed Settlement Agreements.

29.     Plaintiffs are entitled to an Order: (a) confirming that any and all demands, claims, debts, and/or causes of action asserted by Connie Gorham and the purported estate of David Gorham (whether asserted by Connie Gorham or the agent and representative, Gary Haak, of Connie Gorham or the purported estate), have been waived, discharged and

25267242.3

1  released pursuant to the Settlement Agreements; and (b) enforcing the terms of the

2  Settlement Agreements with respect to the releases contained therein.

3  ## COUNT II: BREACH OF CONTRACT

4      30.    Defendants proceeded with asserting claims and making demands upon the

5  Dishons with full knowledge that the claims asserted therein had been previously released,

6  waived, and discharged pursuant to the Settlement Agreements.

7      31.    The Settlement Agreements represent valid and enforceable contracts

8  entered into by the Plaintiffs, Defendants, and other parties.

9      32.    The Settlement Agreements are governed by the law of the State of Texas.

10  The substantive law of Texas permits prevailing parties to recover their attorneys' fees

11  and costs on the breach of valid and enforceable contracts.

12      33.    In seeking to collect the alleged $1,500,000 debt via the November 15, 2016

13  letter and as described above, Defendants have breached Connie and David Gorham's

14  agreement to release, acquit and forever discharge the Plaintiffs and their company.

15      34.    Defendants' conduct in asserting claims and making demands upon the

16  Dishons for claims and causes of action that are groundless and have been previously

17  released, waived, and discharged is neither reasonable nor in good faith, and evidences an

18  intent to disregard the terms and effect of the Settlement Agreements that both Connie and

19  David Gorham signed.

20      35.    Plaintiffs have been harmed by the breach of Connie and David Gorham's

21  contract.  Due to Defendants' extraordinary and willful conduct, Plaintiffs expect to be

22  forced to continue to expend funds in prosecuting this action.

23      36.    Defendants' breaches and extraordinary and willful conduct are the

24  proximate cause of damage to Plaintiffs in at least the amount of Plaintiffs' reasonable

25  costs and attorney's fees related to this action.

26      37.    Plaintiffs respectfully request entry of an Order awarding Plaintiffs their

27  costs and reasonable attorney's fees incurred in the commencement and prosecution of

28  this action.

SNELL & WILMER
ATTORNEYS AT LAW
ONE ARIZONA CENTER
400 E. VAN BUREN, SUITE 1900
PHOENIX, ARIZONA 85004-2202

25267242.3

WHEREFORE, Plaintiffs pray that Defendants be cited to appear in this action, and the Court cause the entry of appropriate orders and judgments: (a) affirming that any and all demands, claims and causes of action asserted by Connie Gorham and/or the purported estate of David Gorham (whether through Connie Gorham and/or her agent and representative Gary Haak) have been released, waived and discharged pursuant to the Rule 11 Mediated Settlement Agreement and the Bankruptcy Settlement Agreement; (b) finding Defendants breached Connie and David Gorham's agreements to release, acquit, and discharge Plaintiffs of any and all actions; (c) awarding Plaintiffs their reasonable costs and attorney's fees associated with the commencement and prosecution of this action; and (d) granting such other and further relief as may be just and proper.

Dated this 23rd day of November 2016.

SNELL & WILMER, L.L.P.


By ____s/ John F. Lomax, Jr._____
John F. Lomax, Jr. *(AZ Bar No. 020224)*
One Arizona Center
400 East Van Buren
Phoenix, Arizona 85004


and

Craig E. Power *(Pro Hac Vice Pending)*
COKINOS BOSIEN & YOUNG
Four Houston Center  16th Floor
1221 Lamar
Houston, Texas 77010

*Attorneys for Plaintiffs Luci and Terry Dishon*

SNELL & WILMER
ATTORNEYS AT LAW
ONE ARIZONA CENTER
400 E. VAN BUREN, SUITE 1900
PHOENIX, ARIZONA 85004-2202

25267242.3