1 **WO**
2
3
4
5
6 **IN THE UNITED STATES DISTRICT COURT**
7 **FOR THE DISTRICT OF ARIZONA**
8

| Terry Dishon, et al., | No. CV-16-04069-PHX-ROS |
|---|---|
| Plaintiffs, | **ORDER** |
| v. | |
| Connie R Gorham, et al., | |
| Defendants. | |

Terry Dishon and Luci Dishon (collectively "the Dishons") allege Defendants Gary Haak ("Haak") and Connie Gorham ("Mrs. Gorham," and collectively with Haak "Defendants") began demanding payment from the Dishons which Defendants claimed the Dishons owed deceased non-party Mr. Gorham. The Dishons allege Defendants' requests for payment violated a prior agreement between the parties, and filed this suit seeking a declaratory judgment barring Defendants' demand for payment, plus costs and fees. Following this, Haak initiated a separate suit, which was assigned to Judge Humetewa, alleging, among other things, that the Dishons also failed to compensate Haak for his services.

The Dishons now move to transfer/consolidate Haak's suit with the present suit, and also move for leave to amend their complaint in the present suit. Defendants oppose both motions. In addition, Defendants move to stay discovery in the present case pending resolution of the motion to transfer/consolidate, which the Dishons oppose. Since Haak's suit and the present suit involve many of the same underlying facts and a transfer will

prevent duplication of labor, the Dishons' motion to transfer will be granted. And since the Dishons' proposed amendments are not futile and will not prejudice Defendants, the Dishons' motion for leave to amend will be granted as well. However, since Haak's suit and the present suit are at opposite stages of litigation, the suits will not be consolidated. And since Defendants have not set forth a valid basis for staying discovery, Defendants' motion to stay discovery will be denied.

**BACKGROUND**

The Dishons' amended complaint, (Doc. 6), alleges the following: the Dishons owned Dishon Disposal, an oil field waste disposal company, until November 2012. Non-party David Gorham ("Mr. Gorham"), husband of Defendant Mrs. Gorham, provided consulting services to Dishon Disposal. While providing these consulting services, the Dishons allege Mr. Gorham and some unnamed associates designed a scheme whereby another company, Digerati Technologies, acquired Dishon Disposal through a reverse acquisition in November 2012. As a result of this transaction, numerous disputes and litigation developed between Mr. Gorham and numerous third-parties, and Digerati Technologies eventually went bankrupt.

The Dishons allege that, although neither the Dishons nor Dishon Disposal were named in these other suits, the Dishons paid millions of dollars in legal fees and costs associated with them. Then, in January 2014, the Dishons, Mr. Gorham, Mr. Gorham's wife, Defendant Connie Gorham ("Mrs. Gorham"), and several other individuals and entities entered into a settlement agreement (the "January 2014 settlement agreement") allegedly resolving all ongoing litigation and pending claims between the parties.

Over a year and a half later, in November 2015, Mr. Gorham passed away in Utah. Then, beginning in February 2016, Defendants Haak, allegedly a representative of Mr. Gorham's estate, and Mrs. Gorham began demanding sums from $1,000,000 to $1,500,000 from the Dishons, and threatening to release the Dishons' private information to the public if Defendants did not receive payment. The Dishons allege Defendants claimed the Dishons failed to compensate Mr. Gorham for consulting services he

provided the Dishons, for Mr. Gorham's investment in a water treatment system, and for legal fees Mr. Gorham paid. The Dishons allege Defendants' payment request violated the parties January 2014 settlement agreement, and thus filed this suit seeking both a declaratory judgment barring Defendants' monetary demand, as well as costs and attorney's fees stemming from that contract's breach.[1]

The Dishons now move for leave to amend their complaint. In doing so, the Dishons explain they "do not seek to add parties or otherwise make wholesale changes to the allegations of the pending lawsuit," but rather seek to "clarify . . . the factual background and further define the scope of the relief sought." (Doc. 72). Defendants responded, arguing the Dishons are attempting to "control damage" and that the proposed amendments are "futile and prejudicial," (Doc. 73), and the Dishons replied, (Doc. 74).

In addition, after the Dishons had already initiated this suit, Defendant Haak filed a separate suit in October 2017, which was given case number 17-CV-03576 and assigned to Judge Humetewa (the "Second Lawsuit"). The Second Lawsuit involves some of the same underlying facts as the present suit. For example, like in the present suit, the Second Lawsuit alleges the Dishons owned Dishon Disposal, that Dishon Disposal was sold to Digerati Technologies in November 2012, and that litigation followed this sale and eventually led to Digerati Technologies' bankruptcy. In addition, Haak's amended complaint in the Second Lawsuit names the Dishons, and also several other individuals not involved in the present suit, as defendants, meaning both suits involve some of the same parties. That said, the claims in the Second Lawsuit are distinct from the claims in the present suit. For example, the Second Lawsuit involves services that Haak, not Mr. Gorham, allegedly provided the Dishons and the Dishons' companies.

The Dishons now move to transfer/consolidate the two cases, pursuant to Local

---

[1] Defendants answered and brought four counterclaims, naming the Dishons and third-party defendant James R. Burger ("Burger"). (Doc. 28). Defendants' counterclaims were subsequently dismissed with leave to amend no later than December 18, 2017. (Doc. 55). Defendants did not amend within this time. Thus, Burger was dismissed pursuant to Rule 54(b), (Doc. 64), and Defendants voluntarily dismissed their counterclaims against the Dishons, (Doc. 57).

Rule 42, arguing Haak's claims in the Second Lawsuit arise from substantially the same allegations that are the basis of the Dishons' claims here and that underlied Defendants' now-dismissed counterclaims. (Doc. 69). Defendants responded, arguing a transfer/consolidation would prejudice Defendants and would be inappropriate as the cases involve different parties and issues of law, (Doc. 70), and the Dishons replied, (Doc. 71). Defendants then moved to stay discovery pending resolution of the motion to transfer/consolidate, (Doc. 76), to which the Dishons responded, (Doc. 77), and Defendants replied, (Doc. 80).

**ANALYSIS**

This order resolves the Dishons' motion for leave to amend their complaint, (Doc. 72), the Dishons' motion to transfer/consolidate, (Doc. 69), and Defendants' motion to stay discovery, (Doc. 76), which are addressed seriatim.

**I. Motion for Leave to Amend**

When a party seeks to amend its pleading within the date specified in the scheduling order, the party must demonstrate amendment is proper under Rule 15. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). Rule 15 states that a party may amend its pleading with the court's leave, and courts "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts may, however, deny leave to amend for: (1) "undue delay, bad faith or dilatory motive on part of the movant," (2) "repeated failure to cure deficiencies by amendments previously allowed," (3) "undue prejudice to the opposing party," or (4) "futility." *Wash. State Republican Party v. Wash. State Grange*, 676 F.3d 784, 797 (9th Cir. 2012) (quoting *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 893 (9th Cir. 2010)).

Here, the Dishons moved to amend their complaint within the deadline established in this Court's scheduling order. (Doc. 67). The Dishons argue amendment is proper because the proposed amendments do not "add parties or otherwise make wholesale changes to the allegations of the pending lawsuit," but merely clarify "the factual background and further define the scope of the relief sought." (Doc. 72).

| | |
|---|---|
| 1 | Defendants oppose the Dishons' motion. (Doc. 73). In doing so, Defendants first argue the Dishons have not shown "good cause" to amend. (*Id.*). However, since the Dishons' motion to amend was filed within the time period permitted by the scheduling order, the good cause standard does not apply. *See Johnson*, 975 F.2d at 608 (explaining that a party must only show "good cause" for amendment under Rule 16(b) if the party seeks to amend their pleading after date specified in scheduling order). |

Defendants next argue the Dishons' proposed amendments are futile. A proposed amendment is futile if the claims, as amended, will not withstand a motion to dismiss. *See, e.g.*, *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1046–47 (9th Cir. 2011) (affirming dismissal and denial of leave to amend complaint on grounds of futility because the proposed amendments failed to state claims for relief); *Riehm v. Countrywide Home Loans, Inc.*, 2012 WL 171004, at *3 (D. Nev. Jan. 20, 2012) (citation omitted) ("The futility analysis determines whether the proposed amendment would survive a motion to dismiss pursuant to Rule 12(b)(6).").

Here, Defendants have not explained why the Dishons' proposed amendments would not withstand motion to dismiss. Defendants' failure to explain their futility argument is more glaring considering Defendants have not moved to dismiss the Dishons' existing claims, and that the Dishons' proposed amendments only add further detail to these same claims. In other words, since Defendants apparently did not consider the Dishons' existing claims to be futile such that Defendants moved to dismiss them, it is far from clear why those same claims, amended to incorporate more detail, would be futile.

Defendants' remaining argument is that the Dishons' proposed amendments are prejudicial. Courts generally conclude proposed amendments are prejudicial "when, after a period of extensive discovery, a party proposes a late-tendered amendment that would fundamentally change the case to incorporate new causes of action and that would require discovery in addition to the administrative record." *Fresno Unified Sch. Dist. v. K.U. ex rel. A.D.U.*, 980 F. Supp. 2d 1160, 1178 (E.D. Cal. 2013) (citation omitted); *see also*

*Sharkey IRO/IRA v. Franklin Res.*, 263 F.R.D. 298, 301 (D. Md. 2009) ("A motion to amend may prejudice the non-moving party when the motion would shift the theory of the case, thereby rendering the non-moving party's prior discovery a misdirected use of resources and compelling the non-moving party to engage in costly additional discovery.").

However, when an amendment will not shift the theory of liability such that it delays the proceedings or requires the parties to engage in significant additional discovery, the amendment generally will not be considered prejudicial. *See Fresno Unified Sch. Dist.*, 980 F. Supp. 2d at 1178 (citation omitted); *see also Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (concluding no prejudice existed where the amendment caused no delay in the proceedings, required no additional discovery, and did not lead to "substantial additional litigation expenses"); *Watson v. Ford Motor Co.*, No. 18-CV-00928-SI, 2018 WL 3869563, at *3 (N.D. Cal. Aug. 15, 2018). In light of the strong presumption in favor of granting leave to amend, any prejudice must be "substantial" in order "to justify denial of leave to amend." *Solis v. McKessen*, No. 105CV00345-LJO-GSAPC, 2007 WL 4180215, at *1 (E.D. Cal. Nov. 26, 2007) (citation omitted); *see also Owens*, 244 F.3d at 712.

Here, the Dishons' proposed amendments do not add any new claims or shift the theory of liability. Instead, the proposed amendments add minimal factual detail to the existing allegations in the complaint. Defendants have not shown the proposed amendments will require Defendants to incur significant future expenses, will significantly delay the proceedings, or will in any other way substantially prejudice Defendants. Thus, the Dishons will be granted leave to amend. *See Solis*, 2007 WL 4180215, at *2; *Larios v. Nike Retail Servs., Inc.*, No. 11CV1600-GPC-NLS, 2013 WL 4046680, at *4 (S.D. Cal. Aug. 9, 2013).

That said, should minimal additional discovery be necessary in light of the Dishons' amendments, the discovery deadline will be extended for a month, such that all discovery must conclude no later than September 28, 2018. The parties shall submit an

amended proposed scheduling order, no later than September 10, 2018, incorporating the revised discovery deadline and adjusting the remaining case deadlines accordingly.

## II. Motion to Transfer/Consolidate

The Dishons move to transfer the Second Lawsuit to this Court, and to consolidate it with the present suit. (Doc. 69). Regarding the transfer request, Local Rule 42.1 permits a party to file a motion to transfer a case when two or more cases arise from substantially the same transaction or event, involve substantially the same parties or property, call for determination of substantially the same questions of law, or, for any other reason, would entail substantial duplication of labor if heard by different judges. When considering a motion under Local Rule 42.1(a), the "principal factor is whether party economy or judicial economy is substantially served by transfer to another judge." *Cagle v. Ryan*, No. CV1603912PHXJATJFM, 2018 WL 2688775, at *1 (D. Ariz. June 5, 2018) (citation omitted). However, a transfer is proper if it would satisfy any of the factors. *Smith v. Sperling*, No. 11-0722-PHX-PGR, 2011 WL 4101508, at *1-2 (D. Ariz. Sept. 14, 2011) (citation omitted). Further, the Court's discretion to reassign cases is broad, meaning "[t]hese factors are not binding on the Court's ultimate decision to grant or deny the motion" to transfer. *Id.* at *1-2 (citation omitted).

Here, although Defendants argue the two cases are distinct, it is clear that both cases have significant overlap. For one, the underlying events giving rise to both cases are substantially the same. Both suits allege the Dishons owned Dishon Disposal, that Dishon Disposal was sold to Digerati Technologies in November 2012, and that litigation followed this sale and eventually led to Digerati Technologies' bankruptcy. In addition, both suits involve similar claims stemming out of these events, including that an individual—Mr. Gorham in the present suit and Haak in the Second Lawsuit—were not compensated for services rendered to the Dishons and their companies. Moreover, both suits will hinge on how the January 2014 settlement agreement, which was entered into by parties to both suits, should be interpreted. Thus, although the cases involve different claims, the claims are based on substantially the same underlying events and involve

many of the same parties, meaning that, if the cases are heard by different judges, it would entail substantial duplication of labor. For these reasons, the motion to transfer will be granted. *See, e.g.*, *Sperling*, 2011 WL 4101508, at *1-2 (granting motion to transfer where two cases arose from substantially the same event and involved substantially the same parties); *Garcia v. Army*, No. CV-14-02225-PHX-DGC, 2015 WL 5646640, at *2 (D. Ariz. Sept. 25, 2015) (granting motion to transfer where the judge "ha[d] developed familiarity with the issues involved in the cases" such that a transfer would facilitate judicial economy).

The Dishons also move to consolidate the two actions. In determining whether to consolidate two cases, the Court "balance[s] the interest of judicial convenience against the potential for delay, confusion and prejudice that may result from such consolidation." *Garcia*, 2015 WL 5646640, at *2. Here, discovery in the present case is nearly completed, whereas discovery in the Second Lawsuit has not even begun. Since the two cases "are at opposite stages of litigation," consolidating them may cause delay. *Robert Kubicek Architects & Assocs., Inc. v. Bosley*, No. CV-11-02112-PHX-DGC, 2012 WL 6554396, at *8 (D. Ariz. Dec. 14, 2012) (denying motion to consolidate where two actions were at different stages of litigation). In addition, consolidating the two cases might cause confusion at trial. *See Sapiro v. Sunstone Hotel Inv'rs, L.L.C.*, No. CV-03-1555-PHX-SRB, 2006 WL 898155, at *3 (D. Ariz. Apr. 4, 2006). For these reasons, the request to consolidate the suits will be denied.

**III. Motion to Stay Discovery**

On July 13, 2018, Defendants moved to stay discovery in the case until this Court resolved the Dishons' motion to transfer/consolidate. In doing so, Defendants also argued that some of the Dishons' recent discovery requests related to Haak's claim in the Second Lawsuit, and that, as a result, discovery in this case should be stayed such that Defendants would not be required to respond to these discovery requests. None of Defendants' reasons are sufficient to stay discovery in this case.

First, to the extent the Dishons' discovery requests related to both the present suit

and the Second Lawsuit—likely due to the similarity between the two suits, outlined above—that is not a reason to stay discovery in this case. Further, to the extent Defendants understood the Dishons' discovery requests to be irrelevant to this suit and only relevant to the Second Lawsuit, the remedy still would not be to stay discovery in this case, but simply to object to the scope of discovery itself. Fed. R. Civ. P. 26. (limiting the scope of discovery to "any nonprivileged matter that is relevant to any party's claim or defense."). Finally, Defendants submitted no valid reason that discovery in this case—which was already nearly complete by the time the motion to stay was fully briefed—should be stayed pending this Court's resolution of the Dishons' motion to transfer/consolidate. *Tomar Elecs., Inc. v. Whelen Techs., Inc.*, 819 F. Supp. 871, 877 (D. Ariz. 1992) (denying motion to stay discovery where moving party "provided few facts and no applicable law upon which this Court could rely in granting this motion" to stay discovery pending outcome of motion to transfer). For these reasons, Defendants' motion to stay discovery will be denied.

**IT IS ORDERED** Plaintiffs' Motion to Amend, (Doc. 72), is **GRANTED**.

**IT IS FURTHER ORDERED** Plaintiffs' motion to transfer/consolidate, (Doc. 69), is **GRANTED IN PART and DENIED IN PART**. Case No. CV17-3576-PHX-DJH shall be transferred to the undersigned, but shall not be consolidated with this case.

**IT IS FURTHER ORDERED** Defendants' motion to stay discovery, (Doc. 76), is **DENIED**.

**IT IS FURTHER ORDERED** no later than September 10, 2018, the parties shall submit to chambers, via email to silver_chambers@azd.uscourts.gov, a proposed scheduling order incorporating the amended case deadlines as set forth above.

Dated this 5th day of September, 2018.

Honorable Roslyn O. Silver
Senior United States District Judge