**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Terry Dishon, et al., | No. CV-16-04069-PHX-ROS |
| Plaintiffs, | **ORDER** |
| v. | |
| Connie R Gorham, et al., | |
| Defendants. | |

Terry Dishon and Luci Dishon (collectively "the Dishons") allege Defendants Gary Haak ("Haak") and Connie Gorham ("Mrs. Gorham," and collectively with Haak "Defendants") began demanding payment from the Dishons in violation of a prior agreement between the parties. The parties were to complete fact discovery by August 31, 2018. (Doc. 67). Thus, the Dishons served Defendants with requests for admission, requests for production, and interrogatories on June 28, 2018. To date, Defendants have not responded. In addition, the Dishons noticed Mr. Haak's deposition for August 22, 2018, and Mrs. Gorham's for August 23, 2018. (Doc. 89-2). According to the Dishons' counsel, neither Mr. Haak nor Mrs. Gorham contacted them after receiving these deposition notices. Then, despite that the Dishons' counsel emailed both Mrs. Gorham and Mr. Haak to remind them of their obligation to appear for their depositions, neither appeared. (*Id.*).

The Dishons have now filed a discovery dispute requesting this Court (1) impose monetary sanctions for Defendants' failure to appear at their depositions, (2) order

Defendants to travel to Texas, where the Dishons' counsel is located, for a rescheduled deposition, and (3) compel Defendants to serve responses to all outstanding requests for production and interrogatories.

The discovery dispute, however, did not include a summary of Defendants' position. The Dishons' counsel emailed Defendants twice seeking Defendants input on the discovery dispute: once at 11:15 A.M. on Wednesday, September 12, and a second time at 12:45 P.M. on Thursday, September 13. (Doc. 89-1). After Defendants did not respond, the Dishons filed the dispute at 5:07 P.M. on Friday, September 13, 2018. (Doc. 89).

The Court's scheduling order states that, "[s]hould a discovery dispute arise, counsel shall consult and make a sincere effort to resolve the matter(s)." (Doc. 67). It also states that, if the parties cannot resolve the matter, the parties may file a "*joint statement of the issue*." (*Id.*). Here, although the Defendants' lack of response is concerning, the Dishons only gave Defendants two days to respond before filing thier discovery dispute. The Court understands that Defendants are appearing pro se, and that pro se litigants should be afforded leniency. Moreover, the Dishons should have at least permitted Defendants through the weekend to craft their response, particularly considering the discovery dispute was filed on Friday after 5:00 P.M., meaning the Dishons expected it would not be reviewed by this Court until the following Monday at the earliest. Finally, to the extent the Dishons' haste in filing this discovery dispute stemmed from a desire to file it well-within the now-revised September 28, 2018 discovery deadline, the Dishons may seek an extension of that deadline from the Court.

……

……

……

Accordingly,

**IT IS ORDERED** the Dishons' requests in the discovery dispute, (Doc. 89), are **DENIED**. The Dishons shall "make a sincere effort to resolve the matter" with

Defendants.  Only after doing so may they resubmit their disputes to this Court.

Dated this 19th day of September, 2018.

Honorable Roslyn O. Silver
Senior United States District Judge