1 **WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Terry Dishon and Luci Dishon, | No. CV-16-04069-PHX-ROS |
| Plaintiffs, | **ORDER** |
| v. | |
| Connie R Gorham and Gary K Haak, | |
| Defendants. | |

Plaintiffs Terry Dishon and Luci Dishon ("Plaintiffs") allege Defendants Gary Haak ("Haak") and Connie Gorham ("Gorham," and collectively with Haak, "Defendants") demanded payment from Plaintiffs in violation of a prior agreement between the parties. The case proceeded to discovery, during which several disputes arose. These disputes, described in the parties' statements (Docs. 91, 95), are before the Court now.

## BACKGROUND

Discovery was scheduled to complete by September 28, 2018.[1] (Doc. 88.) Pursuant to discovery rules, Plaintiffs served Defendants with requests for admission,

---

[1] In a separate but related suit assigned to Judge Humetewa, Haak alleged that Plaintiffs failed to compensate Haak for his services. While the present case was in discovery, Plaintiffs moved to transfer/consolidate Haak's suit with the present suit. (Doc. 69.) Defendants then moved to stay discovery pending resolution of the motion to transfer/consolidate. (Doc. 76.) On September 6, 2018, the Court granted transfer but not consolidation of Haak's suit and denied Defendants' motion to stay discovery. (Doc. 84.)

requests for production, and interrogatories on June 28, 2018. In addition, Plaintiffs attempted to confer with Defendants regarding mutually agreeable dates for Defendants' depositions. When Defendants failed to respond, Plaintiffs noticed Defendants' depositions for August 22–23, 2018 in Phoenix, Arizona. Defendants did not respond to either notice until the eve of the first deposition, when Haak informed Plaintiffs that he would not appear. At that time, Plaintiffs' lawyers were already at the Dallas airport waiting to board their flight to Phoenix, and it appears they had purchased non-refundable tickets for their travel.

On September 19, 2018, Plaintiffs filed a discovery dispute requesting the Court to (1) impose monetary sanctions for Defendants' failure to appear at their depositions, (2) order Defendants to travel to Texas, where Plaintiffs' counsel is located, for rescheduled depositions, and (3) compel Defendants to serve responses to all outstanding requests for production and interrogatories. The Court denied Plaintiffs' requests, noting that Defendants had not provided a summary of their position and ordering the parties to consult and make a sincere effort to resolve the disputes. (Doc. 90.) The parties did not resolve their disputes and filed a joint statement on September 28, 2018, in which Plaintiffs again asked the Court to grant the three requests described above. (Doc. 91.) Due to inconsistencies in the parties' representations regarding whether Defendants responded to Plaintiffs' discovery requests,[2] the Court ordered the parties to file a joint statement clarifying their positions. (Doc. 94.)

On October 11, 2018, Plaintiffs filed a statement on discovery responses, including only Plaintiffs' statement. (Doc. 95.) According to Plaintiffs, Defendants ignored Plaintiffs' request to confer and did not contribute to the statement. Plaintiffs state that despite the parties' agreement for Defendants to provide substantive discovery responses by September 26, Plaintiffs did not receive responses to interrogatories and

---

[2] For example, on September 28, Defendants represented they "have agreed to provide their discovery responses by September 26." (Doc. 91 at 5:4.) Plaintiffs, on the other hand, stated they had not received any responses from Defendants as of September 28. Then, on October 1, Defendants stated in a separate filing that they sent discovery responses to Plaintiffs on September 28. (Doc. 93 at 2:10–14.)

responses to requests for admission until October 9. In addition, Plaintiffs did not receive responses to Plaintiffs' requests for production until October 11. Plaintiffs request the Court to (1) declare all Defendants' objections to interrogatories to have been waived due to untimely response; (2) declare all the factual averments and matters contained in Plaintiffs' requests for admission to be admitted as a matter of law and prohibit Defendants from seeking to introduce any evidence that would controvert, contradict, or minimize the legal effect of all such factual matters; (3) declare all Defendants' objections to requests for production to have been waived and compel Defendants to produce all responsive information within 7 days.

The Court now decides the parties' discovery disputes. For the foregoing reasons, Plaintiffs' requests are granted in part and denied in part.

**I.   Sanctions for Defendants' Failure to Appear for Depositions**

Rule 37(d) allows for sanctions when a party fails to attend its own deposition. Fed. R. Civ. P. 37(d)(i) (providing for sanctions if a party "fails, after being served with proper notice, to appear for that person's deposition"). Here, Defendants did not respond to Plaintiffs' multiple requests to find mutually agreeable dates for depositions. Nor did Defendants respond to Plaintiffs' deposition notices until the night before the deposition, when Plaintiffs' attorneys were already at the airport traveling to Phoenix. When Defendant Haak finally responded, he informed Plaintiffs that he would not appear.

Defendants dispute Plaintiffs' statement that Plaintiffs made multiple attempts to confer about deposition dates, stating that Plaintiffs "made a single attempt via email on July 6, 2018." (Doc. 91 at 2:22–23.) Defendants' own exhibits show otherwise: Plaintiffs made at least three attempts and served deposition notices only after eight days with no response. (Doc. 91-3.) Defendants' excuse that they did not receive deposition notices in the mail is similarly unavailing in light of United States Postal Service proof of delivery to Haak. (Doc. 91-1.)

Under these circumstances, Rule 37(d) sanctions are appropriate even if Defendants' motion to stay discovery was pending at the time they failed to appear. The

pending motion does not excuse Defendants' failure to appear. *See, e.g.*, *Nationstar Mortg., LLC v. Flamingo Trails No. 7 Landscape Maint. Ass'n*, 316 F.R.D. 327, 336 (D. Nev. 2016). In any event, Defendants should have conferred with Plaintiffs and/or submitted a joint statement to the Court regarding Defendants' intent to not attend depositions well before their failure to appear. Accordingly, Plaintiffs' request for Rule 37(d) sanctions for Defendants' failure to attend their own depositions is granted. Defendants shall pay Plaintiffs, no later than **November 7, 2018**, the reasonable expenses incurred in preparing for depositions and traveling to Phoenix. Defendants shall file a notice of compliance no later than **November 12, 2018**.

## II. Location and Time for Defendants' Rescheduled Depositions

Because Defendants did not appear for their depositions, Plaintiffs now request an extension of the discovery deadline (originally scheduled to end September 28, 2018) so depositions may be taken within the discovery period. Plaintiffs also request the Court to order Defendants to give their depositions in Fort Worth, Texas, where Plaintiffs' lead attorneys are located.

Plaintiffs' request for the extension of the discovery deadline is granted. Rule 16(b)(4) allows the modification of a schedule if good cause exists. Fed. R. Civ. P. 16(b)(4). Here, Plaintiffs have shown good cause: The need to reschedule Defendants' depositions as a result of Defendants' failure to appear. Discovery shall be completed by **November 12, 2018**. All other deadlines shall be extended in accordance with the extension of discovery.

On the other hand, the Court will not order Defendants to travel to Fort Worth, Texas for their rescheduled depositions. While the Court is sympathetic that Plaintiffs expended considerable time and resources in preparation for Defendants' depositions, the Court has already awarded Plaintiffs monetary sanctions for Defendants' failure to appear.

### III. Defendants' Discovery Responses

Plaintiffs state that Defendants failed to timely respond to (1) interrogatories, (2) requests for admission, and (3) requests for production. While Defendants agreed they would provide all substantive discovery responses by September 26, Plaintiffs did not receive Defendants' responses until October 9–11. The Court considers each issue in turn.

First, Plaintiffs served Defendants with interrogatories on June 28, 2018. Plaintiffs did not receive Defendants' responses until October 9, over 100 days after service of the interrogatories and almost two weeks after their agreed-upon deadline for substantive discovery responses. Furthermore, Defendants apparently misrepresented the date on which they actually sent responses to Plaintiffs. (Doc. 95-1.) Rule 33(b)(2) provides: "The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(2); *see also Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981) ("Generally, in the absence of an extension of time or good cause, the failure to object to interrogatories within the time fixed by Rule 33 . . . constitutes a waiver of any objection.") Here, Defendants do not offer good cause or any explanation for its failure to respond by the deadline. While the Court has given Defendants an opportunity to clarify and explain in a joint statement, (Doc. 94), Defendants failed to do so. Accordingly, all of Defendants' objections to interrogatories have been waived. Defendants are ordered to respond substantively to each interrogatory "separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3).

Second, Plaintiffs received Defendants' responses to Plaintiffs' requests for admission on October 9, also over 100 days after service of the requests and almost two weeks after the agreed-upon deadline. Plaintiffs request the Court deem Defendants admitted each of the factual matters as a matter of law due to Defendants' untimely response. Rule 36(a) states a "matter is admitted unless, within 30 days after being served [or by another agreed-upon time], the party to whom the request is directed serves

on the requesting party a written answer or objection addressed to the matter." Fed. R. Civ. P. 36(a)(3). Once a matter is admitted, it is "conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). Pursuant to Rule 36, all factual matters contained in Plaintiffs' requests for admission are ordered admitted. However, the Court will consider a motion to withdraw should Defendants choose to file one on or before **November 2, 2018**. Fed. R. Civ. P. 36(b) ("[T]he court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits.").

Third, Defendants' responses to production requests, received by Plaintiffs on October 11, were also untimely. According to Plaintiffs, the "responses contain two pages of general objections, and objections to nearly every individual request." (Doc. 95 at 4:7–9.) Unlike Rule 33, Rule 34 does not provide that a party waives untimely objections to requests for production. Fed. R. Civ. P. 34. Nevertheless, courts generally "deem all objections waived and grant a motion to compel" when a party fails to timely respond. *Bryant v. Armstrong*, 285 F.R.D. 596, 602 (S.D. Cal. 2012); *see also Escalante v. Delano*, No. 05CV689, 2006 WL 1376960, at *3 (E.D. Cal. 2006) ("Failing to respond to a Rule 34 request within the time permitted waives all objections thereto, including claims of privilege and work product."). Because Defendants failed to timely respond and provided no explanation for their failure, the Court grants Plaintiffs' request to declare as waived all objections to the requests for production. Defendants shall, no later than **October 27, 2018**, produce any and all responsive documents, items, and tangible things to Plaintiffs.

Defendants are warned that failure to comply with the Court's orders may result in further sanctions. "Sanctions can take the form of barring witnesses, awarding attorneys' fees, assessing fines," or even entering default judgment. *Murphy v. Wells Fargo Bank, NA*, No. CV-10-01391, 2013 WL 1908346 (D. Ariz. May 7, 2013). Finally, the Court reiterates its concern to the pro se Defendants—raised in the Rule 16 Conference on

January 18, 2018—that it is advisable in all proceedings in federal court that parties have assistance of counsel.

Accordingly,

**IT IS ORDERED** Plaintiffs' requests regarding discovery disputes, (Docs. 91, 95), are **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** the deadlines are extended as follows:

Plaintiffs and Defendants shall disclose the identity of all persons who may be used at trial to present rebuttal evidence under FRE 701, 702, 703, 704, or 705 no later than **December 17, 2018**;

The parties shall finally supplement all discovery no later than **January 28, 2019**;

All dispositive motions shall be filed no later than **March 11, 2019**;

An Interim Rule 16 Status Conference is scheduled for **February 19, 2019 at 10:00 A.M.**;

Parties are to prepare and file a Joint Status Report prior to the Interim Conference by **February 11, 2019**.

Dated this 19th day of October, 2018.

Honorable Roslyn O. Silver
Senior United States District Judge