# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Terry Dishon, et al., | No. CV-16-04069-PHX-ROS |
| Plaintiffs, | **ORDER** |
| v. | |
| Connie R Gorham, et al., | |
| Defendants. | |

Plaintiffs Terry Dishon and Luci Dishon, husband and wife, filed suit against Defendants Connie Gorham and Gary Haak, alleging breach of contract and requesting declaratory judgment. (Doc. 6.) On June 4, 2019, the Court conducted a bench trial. During the trial, Defendants declined to offer any evidence for admission.[1] (Doc. 156 at 131–32.) Pursuant to Federal Rule of Civil Procedure 52, the Court makes the following findings of fact and conclusions of law.

**FINDINGS OF FACT**

Plaintiffs Terry Dishon and Luci Dishon met David Gorham, the late husband of Defendant Connie Gorham, in October 2011. (Doc. 156 at 55.) At that time, Terry Dishon was the owner of Dishon Disposal, Inc., an oil field services company in North Dakota. (Doc. 156 at 54.) David Gorham offered to provide business consulting services to Dishon Disposal. (Doc. 156 at 55.)

---

[1] In his post-trial filing, Defendant Haak attaches multiple exhibits to support his proposed findings of fact. (Doc. 157.) However, Haak did not offer these exhibits for admission into evidence at trial, despite having the opportunity to do so. Because these exhibits were not admitted at trial, the Court does not consider them in its findings of fact.

David Gorham and Scott Hepford owned MCI Partners, which provided business consulting, management, planning, and strategy services to Dishon Disposal. (Doc. 156 at 56.) The Dishons have never been owners, members, officers, or employees of MCI Partners. (Doc. 156 at 56.) In May 2012, Gary Haak began work for MCI Partners. (Doc. 156 at 60.) Haak did not work for Dishon Disposal, the Dishons, or any company owned by the Dishons. (Doc. 156 at 61.) The Dishons never made any promises to Haak for the services that he provided to Dishon Diposal through MCI Partners; nor did Dishon Disposal agree to pay Haak for his work through MCI Partners. (Doc. 156 at 61.)

In November 2012, Dishon Disposal was acquired by Digerati Technologies, Inc., through a series of transactions and reverse merger that the parties call the "November Transactions." (Doc. 156 at 61–62.) Shortly thereafter, litigation relating to the November Transactions ensued between David Gorham and other parties, but the Dishons were not named as parties in any of the litigation. (Doc. 165 at 68.) In May 2013, Digerati Technologies filed for Chapter 11 Bankruptcy in the United States Bankruptcy Court for the Southern District of Texas. (Ex. 2.) Pursuant to the bankruptcy, two settlement agreements were executed: the Rule 11 Mediated Settlement Agreement and the Bankruptcy Settlement Agreement (collectively, the "Settlement Agreements"). (Exs. 1; 2.) The Dishons, David Gorham, Connie Gorham, MCI Partners, and multiple other parties were signatories to the Settlement Agreements, which provided that all parties "mutually release, acquit and forever discharge . . . any and all claims, causes of action, demands, of any character or kind, known or unknown, whether in contract or in tort, relating to the Lawsuits . . . or any theory of law concerning the facts giving rise to the allegations brought forth in any of the Lawsuits or that could have been brought forth related to any of the Lawsuits through the date of this Settlement Agreement." (Exs. 1 at 21.)

After David Gorham passed away in 2015, Defendant Connie Gorham, through her attorney, demanded that the Dishons pay $1.5 million "for the water treatment system and payment for consultation and services rendered by Mr. Gorham." (Ex. 4.) In addition, Defendant Haak also asserted claims and made demands to the Dishons for payments

relating to his employment at MCI Partners and the November Transactions. (Exs. 14; 17; 18; 21; 45; 46; 48; 49.) In a related lawsuit also before this Court, Haak sued the Dishons for breach of contract in connection with Haak's work related to the November Transactions. *See Haak v. Dishon*, 17-cv-03576-ROS (the "Related Lawsuit").

**CONCLUSIONS OF LAW**

Defendants breached the Settlement Agreements by making demands for payments and asserting claims related to the November Transactions. (Doc. 6.) The Settlement Agreements explicitly provided that all claims related to the November Transactions and work provided by MCI Partners were released. (Ex. 1; 2.) Defendant Gorham was a signatory to the Settlement Agreements and Defendant Haak, as a former employee of MCI Partners, was also a party to the Settlement Agreements. Accordingly, Defendants are liable for breach of contract.

In their Proposed Findings of Fact and Conclusions of Law, Plaintiffs argue they are titled to $339,166.57 in damages, which represents "the amount of reasonable and necessary attorney's fees and costs incurred by Plaintiffs in connection with Defendants' improper claims and demands." (Doc. 153 at 6.) However, Plaintiffs cite no law and offer no explanation for their damages theory. The Court notes that under the "American Rule," courts generally prohibit the recovery of attorney's fees as damages. *Seattle Times Co. v. Seattle Mailer's Union Non. 32*, 664 F.2d 1366, 1370 (9th Cir. 1982). As such, Plaintiffs shall file a brief explaining why they are entitled to attorney's fees and citing relevant law supporting their theory.

Finally, Plaintiffs argue that the Related Lawsuit should be dismissed because the claims in the Related Lawsuit are compulsory counterclaims in this lawsuit. Plaintiffs are correct. "A pleading shall state as a [compulsory] counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim[.]" *Pochiro v. Prudential Ins. Co. of America*, 827 F.2d 1246, 1249 (9th Cir. 1987) (citations omitted). Whether two claims arise out of the same "transaction or occurrence" depends

on whether "the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Id.* Haak's claims in the Related Lawsuit involve his alleged consulting work for the Dishons' business—the very subject of the present lawsuit. Haak alleges he was hired by the Dishons to work for MCI Partners and was also promised payment in exchange for his work related to the November Transactions. (*Haak v. Dishon*, 17-cv-03576-ROS, Doc. 56.) Haak did not assert these claims in the present suit as compulsory counterclaims, and is not allowed to assert them in a separate lawsuit.

Accordingly,

**IT IS ORDERED** no later than October 3, 2019, Plaintiffs shall file a brief explaining their damages theory and citing law supporting the theory. Defendants shall respond no later than October 17, 2019.

**IT IS FURTHER ORDERED** the Related Lawsuit, *Haak v. Dishon*, 17-cv-03576-ROS, is **DISMISSED WITH PREJUDICE**.

Dated this 20th day of September, 2019.

Honorable Roslyn O. Silver
Senior United States District Judge