**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Terry Dishon, et al., <br> Plaintiffs, <br> v. <br> Connie R Gorham, et al., <br> Defendants. | No. CV-16-04069-PHX-ROS <br><br> **ORDER** |

Plaintiffs Terry Dishon and Luci Dishon, husband and wife, filed suit against Defendants Connie Gorham and Gary Haak, alleging breach of contract and requesting declaratory judgment. (Doc. 6.) On June 4, 2019, the Court conducted a bench trial. On September 20, 2019, the Court made findings of fact and conclusions of law and ordered Plaintiffs to file a brief explaining their damages theory and Defendants to respond. (Doc. 160.) Plaintiffs complied, requesting an award of fees and expenses totaling $339,166.57. (Doc. 161.) Defendants did not comply and have therefore waived any objections. *See* Local R. Civ. P. 7.2(i); *c.f. Trantor v. Fredrikson*, 878 P.2d 657, 659 (Ariz. 1994) (a party's failure to object to "the lack of findings of fact and conclusions of law in making awards of attorneys' fees under § 12–341.01(C) or § 12–349 precludes that party from raising the absence of findings as error on appeal"). Plaintiffs will be awarded $191,862.80 in attorneys' fees and $4,846.50 in taxable costs.

**BACKGROUND**

The Court set forth the facts in detail in the Findings of Fact and Conclusions of

Law, Doc. 160, and repeats only those facts necessary to understand Plaintiffs' position regarding the recovery of attorneys' fees and costs.

Plaintiff Terry Dishon owned Dishon Disposal, Inc., an oil field services company in North Dakota, which was later acquired by Digerati Technologies, Inc. through a series of transactions and a reverse merger that the parties call the "November Transactions." In May 2013, Digerati Technologies filed for Chapter 11 Bankruptcy in the United States Bankruptcy Court for the Southern District of Texas. Pursuant to the bankruptcy, two settlement agreements were executed: the Rule 11 Mediated Settlement Agreement and the Bankruptcy Settlement Agreement (collectively, the "Settlement Agreements"). Plaintiffs Terry Dishon and Luci Dishon, David Gorham (the late husband of Defendant Connie Gorham), Defendant Connie Gorham, MCI Partners (which employed Defendant Gary Haak), and multiple other parties were signatories to the Settlement Agreements, which provided that all parties agreed not to assert certain claims in the future. Specifically, all parties agreed to

> mutually release, acquit and forever discharge . . . any and all claims, causes of action, demands, of any character or kind, known or unknown, whether in contract or in tort, relating to the Lawsuits . . . or any theory of law concerning the facts giving rise to the allegations brought forth in any of the Lawsuits or that could have been brought forth related to any of the Lawsuits through the date of this Settlement Agreement.

(Doc. 156 Ex. 1.)

After David Gorham passed away in 2015, Defendant Connie Gorham, through her attorney, demanded that the Dishons pay $1.5 million, and Defendant Haak also asserted claims and made demands to the Dishons for payments relating to his employment at MCI Partners and the November Transactions. The Court found these demands breached the Settlement Agreements, and held Defendants liable for breach of contract.

Plaintiffs request $339,166.57 in damages, which they assert represents "the reasonable and necessary attorney's fees and costs incurred by Plaintiffs in connection [with] Defendants' breach of the Settlement Agreements." (Doc. 161 at 6.)

## ANALYSIS

In Arizona, "courts generally do not construe 'damages' to include attorneys' fees."

*City Ctr. Exec. Plaza, LLC v. Jantzen*, 344 P.3d 339, 343 (Ariz. Ct. App. 2015) (collecting cases).[1] This comports with the "American Rule," under which courts generally prohibit the recovery of attorney's fees as damages, except where authorized by statute. *Seattle Times Co. v. Seattle Mailer's Union No. 32*, 664 F.2d 1366, 1370 (9th Cir. 1982). For this reason, the Court ordered Plaintiffs to cite relevant law supporting their theory that attorneys' fees are damages. (Doc. 160 at 4.) Plaintiffs appear to have misunderstood the Court's Order, and argued their entitlement to attorneys' fees in the general sense without addressing the specific question of whether those attorneys' fees were damages; and, if the attorneys' fees were not damages, what the damages might have been. (Doc. 161.)

But Plaintiffs' failure to identify the applicable law does not mean such law does not exist. In Arizona, "a victim of a breach of contract may recover damages from the breaching party to compensate for the attorneys' fees and costs it incurred in defending a separate action initiated against it as a foreseeable result of the breach." State Bar of Arizona, *Arizona Attorneys' Fees Manual*, § 7.3.1 (6th ed. 2017); *see Desert Mountain Properties Ltd. P'ship v. Liberty Mut. Fire Ins. Co.*, 236 P.3d 421, 436 (Ariz. Ct. App. 2010), *aff'd*, 250 P.3d 196 (Ariz. 2011) ("[W]hen one party's breach of contract places the other in a situation that 'makes it necessary to incur expense to protect his interest, such costs and expenses, including attorneys' fees, should be treated as the legal consequences of the original wrongful act and may be recovered as damages.'") (quoting *Fairway Builders, Inc. v. Malouf Towers Rental Co.*, 603 P.2d 513, 529 (Ariz. Ct. App. 1979)). Plaintiffs have incurred attorneys' fees and costs defending against Defendant Haak in related cases 2:17-cv-03576-PHX-ROS and 2:19-cv-00405-PHX-SMB, and those fees and costs are recoverable as damages in this case.

In addition, Plaintiffs, as the successful party in a "contested action arising out of a

---

[1] *But see Sundance Residential Homeowners Ass'n Inc. v. Glawe*, No. 1 CA-CV 17-0042, 2018 WL 326528, at *3 (Ariz. Ct. App. Jan. 9, 2018) ("[R]ecovery of the attorneys' fees still constituted damages because the [defendant's breach of contract] required the [plaintiff] to hire counsel . . . and then prosecute the claim. Thus, when the breach of contract required the [plaintiff] to protect its interests, costs and expenses, including attorneys' fees, should be treated as the legal consequences of the breach because they are a foreseeable result of the breach.").

- 3 -

contract, express or implied," are entitled to recover the attorneys' fees and taxable costs incurred in litigating this matter. A.R.S. §§ 12-341, 12-341.01. Ordinarily, Plaintiffs would be required to file a motion for award of attorneys' fees and related non-taxable expenses, along with a supporting memorandum of points and authorities, before this matter's fees and costs could be awarded. But the Court in its discretion waives this requirement, considers Plaintiffs' Brief Regarding the Recovery of Attorneys' Fees and Costs to be the supporting memorandum, and reviews the evidence of fees and costs incurred in all three cases, which was submitted together, under the process for awarding fees pursuant to A.R.S. §§ 12-341 and 12-341.01.

A fee award pursuant to A.R.S. § 12-341.01 is discretionary, and "a court deciding whether to award fees under the statute must consider the multifactor standard outlined in *Associated Indemnity Corporation v. Warner*." *Harris v. Maricopa Cty. Superior Court*, 631 F.3d 963, 974 (9th Cir. 2011). There are six *Associated Indemnity* Factors:

> (1) whether the unsuccessful party's claim or defense was meritorious; (2) whether the litigation could have been avoided or settled and the successful party's efforts were completely superfluous in achieving the result; (3) whether assessing fees against the unsuccessful party would cause an extreme hardship; (4) whether the successful party prevailed with respect to all of the relief sought; (5) whether the legal question presented was novel and whether such claim or defense have previously been adjudicated in this jurisdiction; and (6) whether the award would discourage other parties with tenable claims or defenses from litigating or defending legitimate contract issues for fear of incurring liability for substantial amounts of attorney's fees.

*Id.* at 974 n.3 (quoting *Wagenseller v. Scottsdale Mem'l Hosp.*, 147 Ariz. 370, 394 (1985)).

The *Associated Indemnity* factors weigh in favor of a fee award. Defendants' claims were not meritorious, Defendant Haak filed two of the three lawsuits whose fees and costs are at issue, and Plaintiffs prevailed with respect to all of the relief sought. The award would not discourage other parties with tenable claims from litigating legitimate contract issues. Assessing fees against Defendants might cause an extreme hardship, given the representations regarding ability to pay which have previously been made, Docs. 120, 129, but that factor is outweighed by the other factors.

Next, Local Rule 54.2 requires the Court consider a variety of other factors, in addition to the *Associated Indemnity* factors, in determining the reasonableness of the requested fee award. LRCiv.P. 54.2(c)(3). The high number of hours (over 1200) worked over the course of years, and the hundreds of thousands of dollars requested, demonstrate the time and labor required of counsel and the preclusion of other employment by counsel because of the acceptance of the action. Plaintiffs' counsel's James Key's certification by the Texas Board of Legal Specialization in Oil, Gas, and Mineral Law bears on the skill requisite to perform the legal service properly and the novelty and difficulty of the questions presented. The hourly billing rates, never higher than $375 per hour, are reasonable. The amount of money involved was in the millions of dollars. (*See* Doc. 1 in No. 2:17-cv-03576-PHX-ROS, requesting $4.3 million in damages.)

Accordingly, the Court considers the fees and costs requested in light of A.R.S. § 12-341.01, which permits the recovery of taxable costs only[2]; Local Rule of Civil Procedure 54.1(e), which explains which costs are taxable; and Local Rule of Civil Procedure 54.2(e), which explains the information in the task-based itemized statement of attorneys' fees that must be provided to permit recovery. The issue of fees related to the August 2018 depositions of Defendants was already addressed by the Court and such fees may not be included in the current request for fees. (Doc. 102.) Fees incurred by Jones, Skelton & Hochuli will be addressed on invoices from Jones, Skelton & Hochuli, and not on invoices from Harris, Finley & Bogle, P.C.

Pursuant to Local Rule of Civil Procedure 54.2(e)(2), the description of services rendered in the task-based itemized statement of attorneys' fees and related non-taxable expenses must "furnish an adequate nonprivileged description of the services in question. If the time descriptions are incomplete, or if such descriptions fail to adequately describe the service rendered, the court may reduce the award accordingly." Entries describing telephone calls "must identify all participants" and entries related to legal research "must

---

[2] Non-taxable costs "may not be included in an award of attorneys' fees made pursuant to A.R.S. § 12–341.01." *Ahwatukee Custom Estates Mgmt. Ass'n, Inc. v. Bach*, 193 Ariz. 401, 404 (1999)

identify the specific legal issue researched." LRCiv.P. 54.2(e)(2)(A), (B). Furthermore, "Time entries simply stating 'research' or 'legal research' are inadequate and the court may reduce the award accordingly." LRCiv.P. 54.2(e)(2)(B).

The Court follows this guidance. Therefore, no fees are awarded for a charge description that has been redacted to the point where the description is no longer compliant with LRCiv.P. 54.2(e)(2). And, where a charge description contains multiple services rendered, some of which are completely described and some of which are overly redacted, fees are awarded proportionately. For example, the first three time entries will be awarded as follows:

- 09/07/17, TDO performed 1.3 hours of work at a rate of $335, for a total charge of $435.50, for "Review and analysis of pleadings and potential responsive motions." This charge description is adequate and full fees are awarded.

- 09/08/17, TDO performed 2.1 hours of work at a rate of $335, for a total charge of $703.5, for "Analysis of [redacted]; analysis of previously filed pleadings; telephone call to Arizona counsel." The charge description "Analysis of [redacted]" is inadequate. Therefore, 2/3 of the requested fees, or $469, are awarded.

- 09/10/17, TDO performed 1.3 hours of work at a rate of $335, for a total charge of $435.50, for "Analysis of timeline and [redacted]; research regarding [redacted]." Neither charge description is adequate, and no fees are awarded.

Neither fees for admission *pro hac vice* nor counsel's fees and expenses incurred in attending a deposition are taxable. LRCiv.P. 54.1(e)(1), (3). "Costs associated with a video recording [of a deposition] are not taxable." LRCiv.P. 54.1(e)(3). Federal Express charges are not taxable. *Safety Dynamics, Inc. v. Gen. Star Indem. Co.*, No. 11-15798, 2013 WL 11299004, at *7 (9th Cir. Sept. 9, 2013). And neither "expenses incurred for photocopying . . . [nor] messenger and delivery charges," are taxable. *Ahwatukee Custom Estates Mgmt. Ass'n, Inc. v. Bach*, 193 Ariz. 401, 402, 973 P.2d 106, 107 (1999).

The chart attached as Exhibit A describes the fees and expenses awarded in detail. In sum, Plaintiffs are entitled to $191,862.80 in fees and $4,846.5 in taxable expenses.

Accordingly,

**IT IS ORDERED** the Clerk of Court shall enter judgment in favor of Plaintiffs in the amount of $191,862.80 in attorneys' fees, plus $4,846.50 in taxable expenses, and close the case.

Dated this 13th day of March, 2020.

Honorable Roslyn O. Silver
Senior United States District Judge